[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 04, 2007
THOMAS K. KAHN
CLERK

No. 07-11729
Non-Argument Calendar

_____

D. C. Docket No. 06-00412-CV-AR-S

VICKIE COX EDMONDSON,

Plaintiff-Appellant,

versus

THE BOARD OF TRUSTEES OF THE UNIVERSITY OF
ALABAMA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(December 4, 2007)**

Before TJOFLAT, ANDERSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Vickie Cox Edmondson appeals the district court's grant of summary

judgment in her employment discrimination action alleging race and gender discrimination and retaliation under Title VII, 42 U.S.C. § 2000e.  For the reasons that follow, we affirm.

I. Background

Edmondson is a black female associate professor at the University of Alabama at Birmingham ("UAB").  She is the only black female in the department of Management, Marketing, and Industrial Distribution.  She was hired in 1996 as an assistant professor, but was awarded tenure and promoted in 2002.  Assistant professors are non-tenured and considered a level below associate professors.  Shortly after her promotion, Edmondson complained about her salary.

In addition to her teaching responsibilities, Edmondson served on the school's diversity committee.  In early 2004, the committee initiated an investigation into another faculty member's impersonation of a grumpy old black man dubbed "Po'k Chop."  The committee recommended several sanctions against the faculty member.  The dean accepted some of the recommendations, including the denial of a promotion.  The dean then disbanded the diversity committee, and Edmondson was not selected to serve on any other committees.  Edmondson's October 2004 raise was the smallest of all the professors in her department.  She was also paid less than assistant professors within her department.

Edmondson complained about her 2004 salary increase. According to the dean, faculty compensation was determined by several factors, of which performance and merit were the most important. The performance ratings took publications into consideration. At the time of the evaluation, Edmondson had not had any pieces selected for publication. By 2005, she had several articles slated to be published.

Edmondson believed her lack of compensation was related to her race and gender, as well as in retaliation for her involvement in the diversity committee investigation. By December 2004, she had been moved out of her office and relocated to what had formerly been a closet. Her former space had been taken by a white male professor.

After filing complaints with the EEOC and receiving a right-to-sue letter, Edmondson filed her complaint against UAB in federal court, alleging race and gender discrimination, retaliation, and a claim under the Equal Pay Act.

UAB moved for summary judgment, arguing that Edmondson could not establish a prima facie showing of race and gender discrimination or retaliation, but that even if she could, UAB had legitimate nondiscriminatory reasons for the salary determinations. UAB also argued that it had proffered sufficient evidence that Edmondson's compensation was based on factors other than gender. In

3

responding to the summary judgment motion, Edmondson did not put forth any argument concerning her Equal Pay Act claim.

The district court granted summary judgment, finding first that UAB had a legitimate nondiscriminatory reason for the compensation scheme, which Edmondson had not shown was pretextual. The court noted that Edmondson had not published anything in 2003 or 2004. The court next concluded that Edmondson had abandoned her Equal Pay Act claim because she failed to respond to the summary judgment motion on that issue. Finally, the court found that Edmondson had not shown a prima facie case of retaliation because she failed to show that she suffered an adverse employment action based on her removal from committee membership, her salary increase, or the move to a smaller office. Edmondson now appeals.

II. Discussion

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the party opposing the motion. Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

matter of law. Fed.R.Civ.P. 56(c); <u>Eberhardt v. Waters</u>, 901 F.2d 1578, 1580 (11th Cir. 1990). Once the party seeking summary judgment meets its burden of showing the absence of a genuine issue of material fact, the burden shifts to the non-moving party to submit sufficient evidence to rebut the showing with affidavits or other relevant and admissible evidence. <u>Avirgan v. Hull</u>, 932 F.2d 1572, 1577 (11th Cir. 1991).

Edmondson argues that she established a prima facie showing of discrimination. She asserts that she submitted numerous articles for publication in 2003 and 2004, which are appropriate considerations in salary decisions, and made significant contributions in research and service during her tenure. She argues that her superior qualifications establish UAB's reasons were pretextual considering that she earns the least of any associate or assistant professor in the department. She next argues the merits of her Equal Pay Act claim. Finally, she argues that she suffered adverse employment actions to support her retaliation claim, and UAB's reasons for its actions were a pretext for retaliation. We address each of these issues in turn.

1. Race and Gender Discrimination[1]

_____

[1] We note that the only pay raise at issue is the October 2004 raise. <u>See</u> <u>Ledbetter v. Goodyear Tire and Ribber Co.</u>, 127 S.Ct. 2162, 2169 (2007) (concluding that pay raises are discrete events, and therefore, only the raise within 180 days of the EEOC charge is at issue).

To state a prima facie case of intentional discrimination in compensation, the plaintiff here seeks to establish that (1) she belongs to a protected class; (2) she received low wages; (3) similarly situated comparators outside the protected class received higher compensation; and (4) she was qualified to receive the higher wage. Cooper v. Southern Co., 390 F.3d 695, 735 (11th Cir. 2004). If the plaintiff establishes a prima facie case, the employer then bears the burden of showing a legitimate and non-discriminatory reason for the employment action. Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1087 (11th Cir. 2004). If this burden is met, then the presumption is rebutted and the burden shifts back to the plaintiff to show the proffered reason was a pretext for discrimination. Id. Where an employer offers extensive evidence of legitimate, nondiscriminatory reasons for its actions, conclusory allegations by the plaintiff are insufficient to raise an inference of pretext. Mayfield v. Patterson Pump Co., 101 F.3d 1371, 1376 (11th Cir. 1996).

Assuming, as the district court did, that Edmondson established a prima facie presumption, we conclude that she failed to show that UAB's reasons were a pretext for discrimination. According to the evidence, Edmondson did not publish in 2003 or 2004. However, publications were an important part of the performance evaluation, and the other comparators had all published in those years. Such evidence is sufficient to support UAB's legitimate nondiscriminatory reason for its

6

compensation decisions. The fact that Edmondson had work accepted for publication or that was published in 2005 does not alter UAB's reasonable decision. Nor does Edmondson's own view of her credentials make UAB's decision a pretext for discrimination. Standard v. A.B.E.L. Servs. Inc., 161 F.3d 1318, 1332-1333 (11th Cir. 1998); Holifield v. Reno, 115 F.3d 1555, 1565 (11th Cir. 1997).

2. Equal Pay Act

In opposing a motion for summary judgment, a party may not rely on her pleadings to avoid judgment against her. There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned. Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995). Here, Edmondson did not respond to UAB's motion for summary judgment on the Equal Protection Act claim. Therefore, she has abandoned it.

3. Retaliation

Title VII prohibits retaliation by an employer against an applicant because the applicant has opposed an unlawful employment practice or made a charge of

discrimination. 42 U.S.C. § 2000e-3(a). A plaintiff may establish her case using the burden-shifting framework established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973). See EEOC v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1272-73 (11th Cir. 2002). Under this framework, the plaintiff must first establish a prima facie case of discrimination to create a rebuttable presumption of discrimination by showing that (1) she engaged in statutorily protected expression, (2) she suffered an adverse employment action,[2] and (3) there was some causal relation between the two events. Pennington v. City of Huntsville, 261 F.3d 1262, 1266 (11th Cir. 2001).

To established the second prong, the employee must show that "a reasonable employee would have found the challenged action materially adverse." Burlington N. & Santa Fe Ry. Co., 126 S.Ct. at 2415. In other words, the materially adverse employment action must discourage a reasonable employee from making or supporting a charge of discrimination. Id.

A causal connection can be demonstrated by presenting evidence that "the decision-makers were aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated." Shannon v. Bellsouth

---

[2] In Burlington N. & Santa Fe Ry. Co. v. White, --- U.S. ----, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006), the Supreme Court identified this second prong as "a materially adverse employment action."

8

Telecomm., Inc., 292 F.3d 712, 716 (11th Cir. 2002) (citation and quotation marks omitted). The causal link element is construed broadly. Pennington, 261 F.3d at 1266. Although close temporal proximity can indicate causation, the temporal proximity must be "very close." Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273, 121 S.Ct. 1508, 1511 (2001).

This court has held that "in the absence of any other evidence of causation," a three-month proximity is insufficient to establish causation. Drago v. Jenne, 453 F.3d 1301, 1308 (11th Cir. 2006); see also Higdon v. Jackson, 393 F.3d 1211, 1220 (11th Cir. 2004) ("If there is a substantial delay between the protected expression and the adverse action in the absence of other evidence tending to show causation, the complaint of retaliation fails as a matter of law."); Wascura v. City of South Miami, 257 F.3d 1238, 1248 (11th Cir. 2001) (holding that, by itself, three and one-half months was insufficient to prove causation).

After a thorough review, we conclude that summary judgment was proper on this claim, although for different reasons than those cited by the district court. We may affirm on any grounds. Parks v. City of Warner Robins, 43 F.3d 609, 613 (11th Cir. 1995).

We conclude that Edmondson failed to show any causal connection between

9

her involvement with the diversity committee and the alleged adverse actions.[3] Edmondson's committee activities occurred in early 2004. The salary increase did not occur until October 2004, and the office change did not occur until December 2004. These instances lack the temporal proximity to establish a causal connection. The third instance - the removal from committee positions - does not qualify as an adverse employment action because a reasonable employee would not have found this to be materially adverse. See Burlington Northern and Santa Fe Railway Co., 126 S.Ct. at 2415; see also Stavropolous v. Firestone, 361 F.3d 610, 617 (11th Cir. 2004).

III. Conclusion

For the foregoing reasons, we AFFIRM the district court.

---

[3] Because we affirm on this ground, we need not consider whether Edmondson's involvement with the diversity committee constituted a protected activity under Title VII.